# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2534

_____

Dr. Genick Bar-Meir,        *
          *
       Appellant,       *
          *    Appeal from the United States
    v.              *    District Court for the
          *    District of Minnesota.
North American Die Casting     *
Association,            *    [UNPUBLISHED]
          *
       Appellee.        *

_____

Submitted: December 26, 2001
Filed: January 10, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Genick Bar-Meir filed this action against the North American Die Casting Association (NADCA), requesting an order that the domain name "nadca.org" should remain with him. NADCA filed counterclaims under the Lanham Act, 15 U.S.C. § 1051 et seq., seeking injunctive relief to prevent Bar-Meir from using the term "NADCA" and to transfer the domain name to NADCA. The district court[1] granted

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

NADCA's motion for summary judgment on its counterclaims, permanently enjoined Bar-Meir from using the term "NADCA," ordered Bar-Meir to transfer the domain name "nadca.org" to NADCA, and dismissed Bar-Meir's complaint with prejudice. The district court has not yet resolved NADCA's claim for damages. Bar-Meir appeals.

We have jurisdiction to review the district court's interlocutory order granting both the injunction, see 28 U.S.C. § 1292(a), and summary judgment, see Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999)(court may review issues inextricably bound up with injunction). We conclude that the district court correctly granted summary judgment on NADCA's counterclaims under sections 32(1)(a) and 43(a)(1) of the Lanham Act, as the relevant factors support the court's finding that a likelihood of confusion exists from Bar-Meir's use of the NADCA trademark. See 15 U.S.C. §§ 1114(1)(a), 1125(a)(1); Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 830 (8th Cir. 1999)(discussing factors). We also conclude that summary judgment was proper on NADCA's counterclaim for cybersquatting, as the statutory factors point to Bar-Meir's bad-faith intent to profit from the mark. See 15 U.S.C. § 1125(d)(1)(A), (d)(1)(B)(i). Thus, we hold that the district court did not abuse its discretion in issuing a permanent injunction, see 15 U.S.C. § 1116(a); Randolph, 170 F.3d at 856 (standard of review), and we affirm. We dismiss the appeal as to the remaining orders, as those issues are not properly before us.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.